FAULKNER, Justice.
This action, brought by taxpayers and resident citizens of the Town of Coosada, sought an injunction, or in the alternative, a writ of prohibition to prevent the Town from constructing a building on a certain 5 acres of land, and requested that the deed to the property be declared null and void. Jones argues that the Town’s act of buying, owning and dedicating the property for use as a Community Center was invalid because there was no legal and valid ordinance or minutes authorizing the Town to purchase the land under T. 37, § 456, Code of Alabama, and ordinance No. 75-1, § 19 and § 21. The trial court granted the Town’s motion for summary judgment. We reverse.
On September 9, 1975, the Town Council unanimously adopted Resolution 75-4 concerning participation in a Housing & Urban Development grant to secure a community facility. The resolution reads as follows:
“WHEREAS, the Town of Coosada, Alabama has expressed a desire to apply for Community Development Block Grant Funds, and
“WHEREAS, the Town has held public hearings and complied with other required application procedures for this program.
“NOW THEREFORE BE IT RESOLVED, that the Town Council hereby adopts the application as prepared by citizens, local officials and the regional planning commission as the official application for the first years activities, and
“BE IT FURTHER RESOLVED that the Mayor and Town Attorney are hereby authorized and directed to execute any and all documents required by this application and program or to provide any additional information which may be required.
“Approved and adopted this the 9th day of September, 1975.
“Oscar Tate, Mayor”
The minutes of the Town Council dated September 9, provide:
“Councilman Weekley read and introduced Resolution 75-4 concerning the participation of the Town of Coosada in the HUD grant program to secure a community facility and moved that it be adopted. A second was made by Councilman Thornton. On roll call the vote was as follows: Yea — Councilmen Cheatham, Hall, Jackson, Thornton, and Weekley. Motion carried unanimously.
“Mayor Tate discussed the appraisals on property that is available for acquisition and invited comment and discussion by the councilmen. After considerable discussion Councilman Jackson moved that the mayor proceed with the signing of the necessary papers for the filing of an application for the grant. It was seconded by Councilman Hall. On roll call the vote was as follows: Yeas— Councilmen Cheatham, Hall, Jackson, and Thornton, and Mayor Tate. Nay — None. Abstentions — Councilman Weekley. Motion carried by a majority vote.”
On June 9, 1976, the Town Council purchased 5 acres of land from C. P. Storrs and wife Katherine D. Storrs. Consideration in the deed is shown to be $100, and other valuable consideration.
On July 27, the following Resolution 76-22 concerning the purchase of the land was adopted by a majority of the Council:
“WHEREAS, the Town of Coosada, Alabama, purchased certain real estate from C. P. Storrs and wife, Katherine D. Storrs, for development of a community center, and
“WHEREAS, said purchase was made in accordance with a Resolution previous *170 ly unanimously adopted by the Council on September 9, 1975, and
“WHEREAS, the proposed purchase of the Storrs property was discussed in one or more meetings of the Council prior to the consummation of said purchase, And,
“WHEREAS, certain persons are purported to question the validity of said purchase, and it is the desire of the Council to ratify and approve said purchase in order to remove all doubts concerning the same.
“NOW, THEREFORE, BE IT RESOLVED that the Town Council of the Town of Coosada, Alabama, does hereby ratify and approve the purchase of the hereinafter described real estate which is situated in Elmore County, Alabama, from C. P. Storrs and wife, Katherine D. Storrs, as evidenced by warranty deed dated June 9, 1976, and recorded in the Office of the Judge of Probate of Elmore County, Alabama, on Deed Card 8296.”
On December 20, Jones filed suit, and on February 8,1977, the Town Council adopted Resolution 77-45, to ratify and approve the purchase of the property.
Resolution 77-45 reads:
“TOWN OF COOSADA
“STATE OF ALABAMA
“RESOLUTION — 77-45
“WHEREAS, on September 9, 1975, the Town Council of the Town of Coosada unanimously adopted that certain resolution which is attached hereto as Exhibit A and made a part hereof, and
“WHEREAS, under the authority granted by said resolution attached hereto as Exhibit A the Honorable Oscar Tate, Mayor of the Town of Coosada, entered into negotiations with C. P. Storrs for the purchase of a suitable site for the development of a community center, and
“WHEREAS, said negotiations culminated in the acquisition by the Town of Coosada of certain real property as shown by deed recorded in the Office of the Judge of Probate of Elmore County, Alabama, on Deed Card 8296, a copy of which is attached hereto as Exhibit B and made a part hereof, and
“WHEREAS, on July 27, 1976, the Town Council of the Town of Coosada adopted that certain resolution which is attached hereto as Exhibit C and made a part hereof, and
“WHEREAS, there is presently pending in the Circuit Court of Elmore County, Alabama, in Civil Action No. 8314 a certain law suit seeking to enjoin the construction of a community center on the real property previously described herein, and
“WHEREAS, the Town Council of the Town of Coosada is of the opinion that all acts heretofore accomplished in connection with the acquisition and use of said real property have been performed in accordance with law and under proper legislative and executive authority and power, but nevertheless the Town Council of the Town of Coosada is anxious to proceed with the development of said community center on said previously acquired site, and
“WHEREAS, the Town Council of the Town of Coosada is furthermore anxious to bring about an expeditious and inexpensive termination of said law suit by unquestionably proper and valid political action, thereby rendering said law suit moot, and
“WHEREAS, this proposed resolution was first submitted to the Town Council of the Town of Coosada at a regular meeting on February 8, 1977, and
“WHEREAS, it continues to be the present desire of the Town Council of the Town of Coosada to ratify, confirm and approve the acquisition of said real property for the construction of a community center and to remove all questions regarding the validity of said acquisition and proposed construction, regardless of the fact that such questions pertaining to the validity thereof are without merit, and
“WHEREAS, the Town Council of the Town of Coosada is of the opinion that this resolution and the matters pertaining thereto are not of a permanent operation, *171 and it is the legislative intent that it not be of a permanent operation,
“NOW, THEREFORE, BE IT RESOLVED AS FOLLOWS:
“1. That the Town Council of the Town of Coosada, Alabama, in regular meeting assembled on this 22nd day of February, 1977, does hereby ratify, confirm and approve the purchase of the real property situated in Elmore County, Alabama, from C. P. Storrs and wife, Katherine D. Storrs, as evidenced by and described in said warranty deed dated June 9, 1976, and recorded in the Office of the Judge of Probate of Elmore County, Alabama, on Deed Card 8296.
“2. That the Town Council of the Town of Coosada, Alabama, in regular meeting assembled on this 22nd day of February, 1977, does hereby ratify, confirm and approve the purchase of said real property for the purpose of constructing a community center thereon.
“3. That the Town Council of the Town of Coosada, Alabama, in regular meeting assembled on this 22nd day of February, 1977, does hereby ratify, confirm and approve all acts heretofore accomplished by the Honorable Oscar Tate, Mayor of the Town of Coosada, in connection with the acquisition and use of said real property for the development of a community center.
“Dated this 22nd day of February, 1977.”
The minutes dated February 22 show that two councilmen and the mayor voted yea, while three councilmen voted nay. There being a tie vote, the mayor voted again and broke the tie.
Jones contends Resolution 75-4 only adopts an application for the first year’s activities, and authorizes execution of documents, and provides for information. It does not, he says, authorize acquisition of real property. Furthermore, he says that ratification of Resolution 76-22 must be governed by the same requirements as if the resolution had been passed before the act needing ratification. Jones applies the same reasoning to Resolution 77-45. In short, Jones is contending that a validating resolution must be passed identically as a void resolution.
As we read Resolution 75-4, it does not authorize money to purchase 5 acres of land. The land is not described or identified, the sellers are not identified, and no amount of consideration for the land is mentioned. The minutes of the September 9, 1975 Town Council meeting add little to the Resolution. They speak of appraisals on property available for acquisition, but there is no mention of any appropriation of money to acquire property. While the Town may own property by virtue of legislative authority, authority for expenditure of funds must come from an ordinance or resolution, under §§ 19 and 21, Town’s Ordinance 75-1.[1]
The Town, by Resolution 76-22, attempts to validate Resolution 75-4 regarding the purchase of the land, by ratifying its purchase. If this was the Town’s intent, Resolution 76-22 falls short, because a validating resolution must be passed in the same manner as the resolution it seeks to validate. See 62 C.J.S. Municipal Corporations § 432, p. 828.
Resolution 77-45 seeks to accomplish that which Resolution 76-22 sought, viz., ratify purchase of the land. It is also a nullity. Section 404, Tit. 37, Code of Alabama 1940 was not intended by the legisla *172 ture to give the mayor two votes on a matter before the council. This section, as amended in 1961, provides that in cities and towns having a population of less than 12,-000 inhabitants, the mayor “at his discretion . . . may vote as a member of the council . . . except in case of a tie, in which event he must vote.” The mayor may vote once — but not twice.
The judgment of the trial court is reversed and the cause remanded.
REVERSED AND REMANDED.
All the Justices concur.

. Section 19 of Ordinance 75-1:
“All ordinances, resolutions or propositions submitted to the Council which require the expenditure of money shall lie over until the next regular meeting; provided that such ordinances, resolutions, or propositions may be considered earlier by unanimous consent of the Council; and provided further, that this rule shall not apply to the current expenses of, or contracts previously made with, or regular salaries of officers, or wages of employees of the city.”
Section 21 of Ordinance 75-1:
“No ordinance or resolution of a permanent nature shall be adopted at the meeting at which it is introduced unless unanimous consent be obtained for the immediate consideration of such ordinance or resolution, such consent shall be by roll call and the vote thereon spread on the minutes.”